IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL CARTER, | ) | |
| *individually and on behalf of others similarly situated*, | ) ) | Civil Action No. 2:24-cv-00644 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| J.T. THORPE & SON, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant J.T. Thorpe & Son, Inc.'s Motion to Dismiss or Stay (Doc. 20) will be denied.

### I.    MEMORANDUM

J.T. Thorpe & Son, Inc. ("J.T. Thorpe") removed this class and collective action from the Allegheny County Court of Common Pleas on April 30, 2024 (Doc. 1). Plaintiff Israel Carter, and those similarly situated, alleged in the First Amended Complaint (Doc. 15) that J.T. Thorpe violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and Pennsylvania's Minimum Wage Act ("PMWA"), 43 Pa. Stat. §§ 333.101 *et seq*., for allegedly failing to pay overtime for pre- and post-shift shuttling and not including a "per diem" in his regular rate of pay. Am. Compl. ¶¶ 187–206. After removal, J.T. Thorpe filed the instant Motion seeking to dismiss or stay this action pending the resolution of Jonathan Seiler v. J.T. Thorpe & Son, Inc. et al., No. GD-21-014672. Def.'s Br. (Doc. 21) at 1. J.T. Thorpe argues that *Seiler*, which involves a PMWA class claim filed in the Allegheny County Court of Common Pleas, is a duplicative parallel class action. *Id*. Although the parties did not address the issue, the *Seiler* class action has been preliminary approved for settlement since the filing of this Motion, which is reflected in

a February 18, 2025 order on the public docket. Nonetheless, for the reasons that follow, J.T. Thorpe has failed to demonstrate that there is a parallel state-court action or that "extraordinary circumstances" merit abstention under the *Colorado River* doctrine.

The two-step abstention inquiry requires courts to first consider whether there is a parallel state court proceeding, Yang v. Tsui, 416 F.3d 199, 205 n.5 (3d Cir. 2005); then, if the proceedings are parallel, consider whether "extraordinary circumstances" merit abstention, which includes weighing the following factors:

> (1) [for *in rem* cases,] which court first assumed jurisdiction over property involved, if any;
> (2) whether the federal forum is inconvenient;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which the respective courts obtained jurisdiction;
> (5) whether federal or state law applies; and
> (6) whether the state court proceeding would adequately protect the federal plaintiff's rights

Trent v. Dial Med., 33 F.3d 217, 223 (3d Cir. 1994). No single factor is determinative. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).

As to the threshold issue, parallel cases involve the same parties and "substantially identical claims, raising nearly identical allegations and issues." Yang, 416 F.3d at 205 (internals omitted). "Strict identity between parties and claims is not necessary," Kelly v. Maxum Specialty Ins. Grp., 868 F.3d 274, 284 n.8 (3d Cir. 2017), "'Substantial similarity' only means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other," *id*.

Here, J.T. Thorpe has failed to demonstrate that *Carter* and *Seiler* are parallel actions. Contrary to J.T. Thorpe's assertions, *see generally* Def.'s Br. 6–9, the two actions do not involve the same parties nor substantially identical claims. *Seiler* involves a different plaintiff and includes an additional defendant, J.T. Thorpe CEO, Kevin Howard. Pl.'s Opp'n (Doc. 25) at 4.

2

Unlike *Seiler*, Carter involves both an FLSA claim and a broader PMWA claim. *Id*. at 5. Although the PMWA claims in both *Carter* and *Seiler* relate to the alleged failure to pay for shuttle time, and may require similar evidence, *id*. at 8, the PMWA claims cover different periods, as the proposed class in *Seiler* covers workers employed from December 6, 2018, to December 6, 2021, while the class in *Carter* covers workers employed from March 2021, to the present, *id*. at 5–6. J.T. Thorpe also asserts in a conclusory fashion that the disposition of *Seiler* will have a *res judicata* effect in resolving the claims here. Def.'s Br. 8 n.4. *Seiler*, however, only seeks redress for J.T. Thorpe's shuttle practice, which will not resolve the per diem claim in *Carter* and will require different evidence regarding a separate pay policy and payroll information documenting the application of a per diem. *See* Pl.'s Opp'n 8. Accordingly, *Carter* and *Seiler* are not parallel actions.

      Regarding the second step, J.T. Thorpe has failed to demonstrate that the *Colorado River* factors weigh in favor of abstention. The first factor is inapplicable here as the parties concede that neither action involves *in rem* jurisdiction. *See id*. at 9; Def.'s Br. 9. Weighing against abstention as to the second factor, J.T. Thorpe does not dispute that the federal forum is inconvenient, which also is evidenced by its removal of this case. Def.'s Br. 9. Putting aside J.T. Thorpe's conclusory statements, *see id*. (referencing party and trust resources; piecemeal litigation, etc.), and the advancement of *Seiler* just this year, the third factor weighs against abstention as Mr. Carter will be precluded from proceeding on his FLSA claim because it will not be affected by *Seiler*, and the PMWA claim here seeks resolution of broader issues and different time periods. Indeed, jurisdiction first was exercised by the state court but, this alone does not establish exceptional circumstances, particularly where, as here, *Seiler* only made substantive progress this year after being dormant since early 2023. Pl.'s Br. 12. J.T. Thorpe

concedes that federal law applies in this case, *see* Def.'s Br. 10, so this does not support abstention as to the fifth factor. Finally, the sixth factor "is generally a one-way ratchet, serving only to weigh *against* abstention where a state court is incapable of protecting a party's interests." Golden Gate Nat. Sr. Care, LLC v. Minich ex rel. Estate of Shaffer, 2015 WL 6111426 at *1 (3d Cir. Oct. 16, 2015). As Mr. Carter correctly argues, *see* Pl.'s Br. 13, the sixth element is inapposite here, *id.* (citing CSX Transp. Inc. v. Apex Directional Drilling, LLC, 2015 WL 8784148, at *2 (W.D. Pa. Dec. 15, 2015) (Bissoon, J.)). Thus, J.T. Thorpe failed to satisfy the *Colorado River* factors.[1]

## II.    ORDER

Defendant J.T. Thorpe & Son, Inc.'s Motion to Dismiss or Stay (Doc. 20) is **DENIED**. Consistent with Federal Rule of Civil Procedure 15(a)(3), J.T. Thorpe's answer deadline is **April 11, 2025**. Once an answer is filed, the Court will schedule an initial case management conference and other applicable deadlines.

　　IT IS SO ORDERED.

March 28, 2025                                                       s/Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　　　　 Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　　　　 United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[1] To the extent J.T. Thorpe argues that a stay would be appropriate under the Court's inherent authority, *see* Def.'s Br. 11 (arguing a stay would not prejudice Mr. Carter; *Seiler* would be dispositive of the issues in *Carter*; promote judicial and party economy), the Court disagrees for substantially the same reasons put forth by Mr. Carter, *see* Pl.'s Opp'n 14–15 (contending a stay would prejudice Mr. Carter and putative members regarding the statute of limitations and ability to lower individual costs; J.T. Thorpe failed to establish any hardship; delay of at least adjudicating Mr. Carter's FLSA claim, which would not simplify the issues of the case; potential delay of Mr. Carter's claims given the dormancy of *Seiler* until this year).